UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00192-GNS

OSMIN MARDOQUEO ZEPEDA RINCAN                                    PETITIONER

v.

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
SAMUEL OLSON, Chicago Field Office Director
For Detention and Removal Operations,
Immigration and Customs Enforcement;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
PAMELA BONDI, Attorney General of the United States; and
COLONEL ARTHUR MAGLINER, Jailer
Daviess County Jail                                              RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's First Amended Petition for Writ of Habeas Corpus (DN 23), and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (DN 3).

Petitioner Osmin Mardoqueo Zepeda Rincan ("Zepeda Rincan") is a native of El Salvador who has lived in the United States for more than twenty years. (Pet. ¶¶ 5, 21, DN 1). On December 9, 2025, Zepeda Rincan was arrested in Indianapolis, Indiana, and an immigration judge determined that he was ineligible for bond. (Pet. ¶ 21). He is currently being detained at the Daviess County Detention Center. (Pet. ¶ 27).

Zepeda Rincan filed the Petition for Writ of Habeas Corpus against Respondents: Samuel Olson, Director for the Chicago Field Office of the Enforcement and Removal Operations Division of Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); DHS; Pamela Bondi, Attorney General of the

1

United States; Executive Office for Immigration Review; and Colonel Arthur Maglinger ("Maglinger"), Jailer for the Daviess County Detention Center.[1]  (Pet. ¶¶ 22-27).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Zepeda Rincan bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

This Court has previously rejected Respondents' arguments that Zepeda Rincan is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Rondon Malpica already present within the United States.  *See Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *5-13 (W.D. Ky. Nov. 27, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov.

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'"  *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sept. 4, 2018) (citing Ky. Const. § 99; KRS 71.020).  Therefore, as the jailer, Maglinger is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sept. 19, 2025). After Zepeda Rincan has lived in this country for more than twenty years. Therefore, because Section 1226(a) applies to Zepeda Rincan, he is entitled to a determination by an immigration judge as to whether he may be released on bond pending the resolution of his removal proceeding.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, No. 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, No. 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-

3

CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7.  The unlawful detention of Zepeda Rincan implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge.  *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025).  As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'"  *Alonso*, 2025 WL 3083920, at *9 (alteration in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release.  *See Patel*, 2025 WL 2823607, at *6; *Barrera*, No. 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025).  "Habeas has traditionally been a means to secure release from unlawful detention . . . ."  *Dep't of Homeland Sec'y v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Consistent with these norms, Zepeda Rincan must be released and is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

5

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The First Amended Petition for Writ of Habeas Corpus (DN 23) is **GRANTED**. During the pending immigration proceeding, a neutral immigration judge will determine whether Zepeda Rincan will be detained pending the resolution of that proceeding. At the hearing held on January 8, 2026, the Court directed that Zepeda Rincan be released immediately, and Respondents have notified the Court of his release that day. (Order, DN 18; Notice, DN 22).

2. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (DN 3) is **DENIED AS MOOT**.

Greg N. Stivers, Judge
United States District Court
January 13, 2026

cc: counsel of record